FILED
John E. Triplett, Acting Clerk
United States District Court

*By Crobinson at 10:20 am, Feb 17, 2021*

# I IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

| | |
|---|---|
| ERIC ARTURO OCAMPO, | |
| Petitioner, | CIVIL ACTION NO.: 5:20-cv-17 |
| v. | |
| TRACY JOHNS, | |
| Respondent. | |

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eric Ocampo ("Ocampo"), who was incarcerated at D. Ray James Correctional Institution in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Doc. 1. Respondent filed a Motion to Dismiss, and Ocampo filed a Response and Motion to Expedite Ruling. Docs. 7, 9, 12. Respondent filed a supplement to his Motion to Dismiss and asserts Ocampo's Petition effectively is moot. Doc. 13. For the reasons which follow, I **RECOMMEND** the Court **DENY as moot** Ocampo's Petition and Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Ocampo *in forma pauperis* status on appeal. I **DENY as moot** Ocampo's Motion to Expedite.

### BACKGROUND

Ocampo was arrested on March 19, 2014, by State of Florida authorities for trafficking in 400 grams or more of cocaine. Doc. 7-1 at 2. The Florida state court sentenced Ocampo to five years' imprisonment on August 8, 2014. Id. at 3; Doc. 1-1 at 10. The United States District Court for the Southern District of Texas issued a writ of habeas corpus *ad prosequendum* on

October 28, 2016, and the United States Marshals Service took Ocampo into temporary federal custody on November 1, 2016.  Id. at 3; Doc. 1-1 at 17–18, 29.  After entry of a guilty plea, Ocampo was sentenced in the Southern District of Texas on March 21, 2018, to an 87-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine and conspiracy to money launder.  Doc. 1 at 3; Doc. 1-1 at 7, 22.  The Texas sentencing judge ordered Ocampo's federal sentence was to run concurrently with his State of Florida sentence.  Doc. 1-1 at 22.  The United States Marshals Service returned Ocampo to Florida to complete his state sentence on May 9, 2018, and his state sentence expired on June 16, 2018.  Doc. 1-1 at 11, 30.  Ocampo had a projected release date on January 4, 2024, via good conduct time release, id. at 6, and an actual release date of January 25, 2021.  https://www.bop.gov/inmateloc/, search for 19678-479, "Eric Arturo Ocampo" (last visited Feb. 17, 2021).[1]

## DISCUSSION

**I.     Whether Ocampo's Petition is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of

---

[1]     Ocampo has not notified the Court of any change in his address, as required, which provides another reason for dismissal of his Petition.  Doc. 3 at 2; Local R. 11.1.

Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, Ocampo requests he be given credit against his federal sentence, which would be in accord with the Texas sentencing judge's order for Ocampo's sentences to run concurrently. Doc. 1. However, as Respondent notes in his Supplement, Ocampo was granted relief via 28 U.S.C. § 2255 in the District Court for the Southern District of Texas and was resentenced. Docs. 13, 13-1; Amended J., United States v. Ocampo, 5:16-cr-1263 (S.D. Tex. Jan. 22, 2021), ECF No. 1690 (resentencing Ocampo to a 36-month term of federal confinement). In fact, Ocampo was released from the Bureau of Prisons' custody during the pendency of this Petition, indicating he has received his requested relief. There is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **DENY as moot** Ocampo's Petition for Writ of Habeas Corpus and Respondent's Motion to Dismiss.

### II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Ocampo leave to appeal *in forma pauperis*. Though Ocampo has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Ocampo's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Ocampo *in forma pauperis* status on appeal.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Ocampo's Petition and Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Ocampo leave to appeal *in forma pauperis*. I **DENY as moot** Ocampo's Motion for expedited disposition. Doc. 12.

4

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 17th day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA